# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60075
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
June 6, 2017

Lyle W. Cayce
Clerk

EFRAIN GONZALEZ-ROMAN,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 848 326

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Efrain Gonzalez-Roman, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He asserts that the BIA erred in determining that he was not entitled to asylum or withholding of removal based on his membership in a particular social group, i.e., deportees with Mexican ancestry but who were born in, or are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

associated with, the United States because they are not fluent in Spanish and are relatively unfamiliar with Mexican society. Gonzalez-Roman fails to brief any argument challenging the BIA's determination that he was not entitled to relief under the CAT and, therefore, he has abandoned any related claim. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Because the BIA agreed with the IJ's conclusions regarding Gonzalez-Roman's eligibility for relief, both the BIA's and IJ's decisions are reviewable. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Under the substantial evidence standard, Gonzalez-Roman must demonstrate that the evidence is so compelling that no reasonable factfinder could reach a conclusion contrary to that of the BIA. *Id.* at 537.

Substantial evidence supports the determination that Gonzalez-Roman did not establish that he was a member of a cognizable particular social group. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518-19 (5th Cir. 2012); *Wang*, 569 F.3d at 537. Specifically, Gonzalez-Roman fails to define membership in the proposed group with sufficient exactness to limit its membership; the group is overbroad and fails to provide an adequate benchmark for determining group membership. *See Orellana-Monson*, 685 F.3d at 518-19. The circumstances of each member of the proposed group would manifest a variety of demographics, reasons for being in Mexico, duration of time living in the United States, and acculturation to Mexican society. The parameters of group membership, which are indeterminate and involve subjective judgments, do not permit members and non-members of the group to be discerned easily. *See Orellana-Monson*, 685 F.3d at 521-22. Gonzalez-Roman fails to show that the record compels a conclusion contrary to that of the BIA regarding his eligibility for relief based on his membership in a particular social group. *See Wang*, 569 F.3d at 537.

The petition for review is DENIED.